**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ERIC GIBBS, | |
| Plaintiff | CIVIL ACTION NO. 3:26-CV-00067 |
| v. | (MEHALCHICK, J.) |
| WELLPATH, | |
| Defendant. | |

**MEMORANDUM**

Eric Gibbs, a prisoner proceeding *pro se*, has filed a complaint under 42 U.S.C. § 1983, alleging that he has received inadequate medical care at SCI-Mahanoy. (Doc. 1). Gibbs's complaint does not state a viable claim in its current form, but the Court will permit him to file an amended complaint prior to dismissing this case.

## I. BACKGROUND AND PROCEDURAL HISTORY

The Court received Gibbs's complaint (Doc. 1) and application to proceed *in forma pauperis* (Doc. 2) on January 13, 2026. On March 20, 2026, the Court received his certified prisoner account statement (Doc. 7); upon review of that statement, the Court will grant his application and screen the case pursuant to 28 U.S.C. § 1915A.

In his complaint, Gibbs alleges that since June 30, 2025, he has "not been receiving the proper care for his medical issues." Although the complaint provides little detail, he appears to describe two distinct issues. First, he has been "dealing with thyroid problems for month[s]," and has suffered weight gain, high cholesterol, and severe pain in his legs. Unspecified prison staff are not "getting the proper test done and figuring out what treatment would help."

Separately, Gibbs also has nerve pain in his legs, back, and neck. He was told by staff that he is "to[o] young for sciatic nerve damage" and to take Icy Hot and rest, "but that has not helped at all." Beyond this, nurses have told Gibbs that "there isn't much they can do." Gibbs asserts a violation of his Eighth Amendment right to be free from cruel and unusual punishment, and a claim of medical negligence, and he seeks monetary and injunctive relief.[1] He names Wellpath, the prison medical provider, as the only defendant.

## II.    28 U.S.C. § 1915A SCREENING

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. App'x 195, 197 (3d Cir. 2007). The Court must dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). The Court has a similar obligation with respect to actions brought *in forma pauperis. See* 28 U.S.C. § 1915(e)(2). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell*, 696 F. Supp. 2d at 471; *Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 588 (W.D. Pa. 2008).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first

---

[1] Gibbs also appears to allege a violation of Article 5 of the Universal Declaration of Human Rights, but the Universal Declaration of Human Rights "is a non-binding declaration that provides no private rights of action." *United States v. Chatman*, 351 Fed. App'x 740, 741 (3d Cir. 2009) (citing *Sosa v. Alvarez-Machain*, 542 U.S. 692, 734 (2004)).

take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the amended complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the elements that make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need the court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for

the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the amended complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

With these standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

## III.   DISCUSSION

Gibbs's complaint does not state a viable federal claim because he has not named an appropriate defendant. He attempts to assert an Eighth Amendment claim against Wellpath, but the complaint does not state any allegations against Wellpath or identify a corporate

4

policy, custom or practice that would facilitate liability against Wellpath. *See Montanez v. Price*, 154 F.4th 127, 142 (3d Cir. 2025) (citing *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978)). In other words, Gibbs cannot assert an Eighth Amendment claim against Wellpath by complaining about errors of individual staff who may be employed by Wellpath. The appropriate defendants for that kind of claim would be the individuals he believes are ignoring or mistreating him.

With no surviving federal claim, the complaint suggests no apparent basis for jurisdiction over his state law negligence claim. When a federal court dismisses all federal claims prior to trial, it "must decline" to exercise supplemental jurisdiction over state law claims "unless considerations of judicial economy, convenience, and fairness to the parties" dictate otherwise. *See Talley v. Clark*, 111 F.4th 255, 266 n.6 (3d Cir. 2024) (quoting *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000)); 28 U.S.C. § 1367(c). At this early stage of the case, no such consideration is apparent here.

Therefore, Gibbs will be granted 30 days to file an amended complaint. *See Grayson*, 293 F.3d at 108 (the district court must permit a curative amendment, unless amendment would be inequitable or futile). If he chooses to file an amended complaint, Gibbs must clarify his allegations about his medical care. He argues that he is being "denied and ignored," which would suggest a refusal to offer medical care; however, the rest of the complaint suggests that this is a dispute about adequacy of care; *i.e.*, that the medical personnel are meeting with Gibbs but he is not satisfied with the treatments they are offering. To state an Eighth Amendment claim, he must identify the defendant(s) who are involved with his medical care and specifically describe what each defendant did, or failed to do, that suggests deliberate indifference. He may attach medical records or other documents to his amended complaint if

5

they are helpful in explaining his claims. If his amended complaint suggests a viable federal claim, the Court may exercise supplemental jurisdiction over any related negligence claim he may raise in the amended complaint. *See* 28 U.S.C. § 1367(c).

## IV.    CONCLUSION

Gibbs will be granted leave to proceed *in forma pauperis*. Because his complaint does not state a viable claim for relief, but amendment may not be futile, he will be permitted to file an amended complaint. *Grayson*, 293 F.3d at 108. An appropriate order follows.

**Dated: March 27, 2026**                                          *s/ Karoline Mehalchick*
                                                                         **KAROLINE MEHALCHICK**
                                                                         **United States District Judge**